# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES HAMILTON WELLS <br> # 146-304 <br> Petitioner | * <br> * | |
| v | * | Civil Action No. CCB-14-985 |
| WARDEN JOHN S. WOLFE, et al. <br> Respondents | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is James Hamilton Wells's ("Wells") petition for writ of habeas corpus[1] filed pursuant to 28 U.S.C. § 2254. Respondents, by their counsel, have filed a response (Resp., ECF No. 5) to which Wells has replied (Pet'r's Reply, ECF No. 7). After consideration of the pleadings, exhibits, and applicable law, the court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2016); Rule 8, "Rules Governing Section 2254 Proceedings in the United States Courts," 28 U.S.C. folio; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (stating there is no entitlement to a hearing under 28 U.S.C. § 2254(e)(2)). The petition shall be denied and dismissed for the reasons that follow.

## BACKGROUND

Wells, who is self-represented, is challenging his 2010 life sentence in the Circuit Court for Worcester County, Maryland, for felony murder (Pet., ECF No. 1 at 1-2). The facts of the case which led to his conviction are summarized as follows.

On April 29, 1977, at approximately 9:30 a.m., Wells and his co-defendant, William Henry Jackson ("Jackson"), armed with handguns, entered a jewelry shop operated by Bernard Sugar ("Sugar") and Charlotte Farber ("Farber"). *Jackson v. State*, 408 A.2d 711, 713 (Md.

---

[1] Wells has also filed a supplement to his Petition (Pet. Supp., ECF No. 3).

1979). They forced Sugar and Farber to the floor, and took jewelry valued at more than $10,000 from a safe and display cabinets. *Id.* Shortly thereafter, Charlene Kelly ("Kelly") entered the store and asked for Farber. *Id.* After Wells told her that Farber was not there, but would return in half an hour, Kelly became suspicious and after leaving the store contacted the police. *Id.* Ten minutes later, Howard County police arrived and announced their presence.[2] *Id.* Wells started to leave by the front door but, after seeing the police, ran back inside the store. *Id.* He and Jackson then attempted to leave by the rear door, but were again deterred by the police and retreated into the store. *Id.*

There being no other escape route, Wells grabbed Farber, held her in a headlock, and held his gun to her neck. (*Id.*). Jackson did the same with Sugar. *Id.* at 713-14. Wells and Jackson, using Farber and Sugar as shields, left the store by the rear exit, ignoring the police order to stop and release the hostages. *Id.* at 714. They stole a police car and attempted to drive away with the hostages. *Id.* After police gunfire disabled the vehicle, they stole another police car and fled, still holding the hostages at gunpoint. *Id.* They next forced a civilian to stop his car, entered it with the hostages, and sped away. *Id.* After evading one roadblock, they were finally stopped at another roadblock after police gunshots punctured the car's tires. *Id.*

The police manning the roadblock, unaware of the presence of the hostages, fired at the car. *Id.* Officers from three counties as well as state police converged on the scene and placed the car under heavy gunfire. *Id.* One Howard County police officer, armed with a shotgun, jumped onto the hood of the car. *Id.* At that moment Wells had his arm out the rear window, waving a revolver. *Id.* The officer swung his shotgun over the top of the car in an attempt to strike Wells's arm and knock the revolver from his hand. *Id.* The shotgun discharged. *Id.* The

---

[2] In the interim, a mailman had also arrived at the store; he attempted to leave but, after a struggle with Wells, was forced to the floor with Sugar and Farber. *Jackson v. State*, 408 A.2d 711, 713 (Md. 1979).

2

pellets from the shotgun hit Sugar, who had been lying in the front seat of the car, in the back of the neck. *Id.* Sugar died as a result of the wound. *Id.* After a struggle, Wells and Jackson were removed from the vehicle and taken into custody. *Id.*

## PROCEDURAL HISTORY

Although originally set for trial in the Circuit Court for Baltimore County, the case was removed to Worcester County on March 3, 1978. *Jackson*, 408 A.2d at 713 n.1; (Pet., ECF No. 1 at 1). On June 12, 1978, Wells and Jackson pleaded guilty to first-degree murder under the indictment returned against them, and the State agreed to recommend a life sentence for each of them and to *nol pros* all other related charges. *Jackson*, 408 A.2d at 713; *see also* (Pet. Ex. 1, Mem. & Op. Granting Post Conv. Relief, ECF No. 1-2 at 1 n.1). Both were sentenced to life in prison. *Jackson*, 408 A.2d at 713; *see also* (Pet., ECF No. 1 at 1). The Court of Special Appeals of Maryland affirmed the judgments, as did the Court of Appeals of Maryland. *Jackson*, 408 A.2d at 713, 719.

On October 8, 1998, Wells filed a petition for post conviction Relief in the Circuit Court for Baltimore County. (Resp. Ex. 1, Crim. Docket, ECF No. 5-1 at 5). He raised two grounds for relief: 1) that the on-the-record colloquy of the guilty plea was not taken in accordance with applicable law; and 2) that the State failed to disclose *"Brady"* [3] material that could have affected the sentence imposed, requiring a new sentencing hearing. (Pet. Ex. 1, Mem. & Op. Granting Post Conv. Relief, ECF No. 1-2 at 1). The circuit court resolved the first ground against Wells, finding that it could have been brought in a prior post conviction petition.[4] (*Id.* at 2). However,

---

[3] *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *"Brady"* information, or "information that is favorable to a defendant and material to either 'guilt or punishment[,]' must be disclosed to the defendant in a criminal." (Mem. & Op. Granting Post Conv. Relief, ECF No. 1-2 at 9) (quoting *State v. Wadlow*, 611 A.2d 1091, 1097 (Md. 1992), *vacated*, 335 Md. 122, 642 A.2d 213 (1994)).

[4] Wells had filed an earlier post conviction petition, which was denied by an opinion and order dated August 7, 1986. (Mem. & Op. Granting Post Conv. Relief, ECF No. 1-2 at 1).

the circuit court found that "*Brady*" information was withheld by the State and granted post conviction relief.[5] *Id.*

After hearing, Wells was resentenced on December 19, 2000, to life imprisonment. (Pet. Suppl., Mem. Op. Denying Post Conv. Relief, ECF No. 1-1 at 3). Wells did not file an application for leave to appeal this disposition. As a result, the circuit court's decision became final on January 18, 2001. *See* Md. Rule 8-204(b) (providing that application for leave to appeal be filed within 30 days after entry of judgment or order from which appeal is sought). On January 15, 2001, Wells filed a motion for review of sentence by a three-judge panel, which was denied on November 19, 2001. (Resp. Ex. 1, Crim. Docket, ECF No. 5-1 at 6). On March 12, 2001, Wells filed a motion for modification of sentence in the Circuit Court for Baltimore County. (*Id.*). The motion for modification was held in abeyance on May 4, 2001. (*Id.*). The motion was denied on April 10, 2013. (Resp. Ex. 1, Crim. Docket, ECF No. 5-1 at 3).

On July 14, 2009, Wells filed a motion to re-open post conviction proceedings and/or in the alternative, petitioner's first petition for post conviction relief relating to sentencing, which was entered on the docket on July 22, 2009. (Resp. Ex. 1, Crim. Docket, ECF No. 5-1 at 2). Wells alleged that: 1) "the State withheld '*Brady*' material and therefore he is entitled to a new trial or in the alternative to reopen his post conviction;" and 2) alternatively, "he is entitled to a new sentencing because at re-sentencing his counsel's representation fell below an objective standard of reasonableness." (Pet. Suppl. 1, Mem. Op. Denying Post Conv. Relief, ECF No. 1-1 at 3). The motion to reopen post conviction was denied in a memorandum opinion signed on October 22, 2010, and docketed on November 8, 2010. (Pet. Suppl. 1, Mem. Op., ECF No. 1-1

---

[5] The "*Brady*" material in question was a report dated June 1, 1977, by the Howard County Police Department analyzing the police response to the hostage incident. *Id.* at 4.

at 13; Resp. Ex. 1, Crim. Docket, ECF No. 5-1 at 3).

Wells filed a motion to alter, amend, and/or revise judgment, which was denied on November 30, 2010. (Resp. Ex. 1, Crim. Docket, ECF No. 5-1 at 3). He next filed an application for leave to appeal the denial of his motion to reopen post conviction to the Court of Special Appeals of Maryland, raising the following ground: "the Circuit Court erred, as a matter of law, in denying the Petitioner's Post Conviction [sic] without according the Petitioner his right to hearing (and the assistance of counsel at the same) to prove his re-sentencing was defective due to the ineffective assistance of his counsel at the resentencing hearing." (Pet., ECF No. 1 at 2). On December 20, 2012, the application was dismissed as untimely filed. (Id. at 3; see also Pe'r's Reply Ex. 1, Order, ECF No. 7-1 at 3). Wells filed a petition for writ of certiorari to the Maryland Court of Appeals, which was denied on April 22, 2013. (Pet., ECF No. 1 at 3; Pet'r's Reply Ex. 3, Order, ECF No. 7-3 at 2).

Wells filed the instant petition on March 26, 2014.[6] He subsequently filed a supplement to the petition. (Pet. Supp., ECF No. 3).

On February 23, 2016, the court ordered this case stayed and held in abeyance pending a decision by the United States Court of Appeals for the Fourth Circuit in *Woodfolk v. Maynard, et al.*, No. 15-6364. (Order, ECF No. 8). On May 23, 2017, the Fourth Circuit issued its decision in *Woodfolk*, and the mandate issued on June 14, 2017. *Woodfolk v. Maynard*, 857 F.3d 531 (4th Cir. 2017); Mandate, *Woodfolk v. Maynard*, No. 13-03268 (D.Md. June 14, 2017), ECF No. 34. On July 18, 2017, the court lifted the stay. (Order, ECF No. 9).

## DISCUSSION

---

[6] The petition, received on March 31, 2014, is dated March 26, 2014, and is deemed filed on that date. The "mailbox rule" applies to prisoners' § 2254 motions. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). An inmate's petition is timely if deposited in the prison's internal mailing system on or before the last day for filing. Rule 3(d), "Rules Governing Section 2254 Cases in the United States District Courts," 28 U.S.C. folio.

5

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi,* 562 U.S. 545, 549 (2011). The one-year limitation period runs from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

Respondents argue the petition is time-barred because the one-year limitations period started running no later than on January 18, 2001, the date the deadline passed for filing an application for leave to appeal the trial court's re-imposition of Wells's life sentence. (Resp., ECF No. 5 at 4). Respondents further argue Wells's motion for modification of sentence, filed on March 12, 2001, did not serve to toll the limitations period under 28 U.S.C § 2244(d)(2). (Resp., ECF No. 5 n. 3); *see Roberts v. State of Maryland,* Civil Action No. 11-1227 (D. Md. Oct. 29, 2013) (citing *Tasker v. State,* Civil Action No. 11-1869 (D. Md. Jan. 31, 2013), aff'd, 517 Fed. Appx. 172 at 172 (4th Cir. 2013) (affirmed because the petitioner's brief did not "challenge the basis for the district court's disposition," waiving appellate review of the order)).[7]. Thus, because no post conviction or other collateral proceedings were pending in state court to toll the limitations period until July 22, 2009, more than eight years later, the one-year limitations period had long expired when Wells filed his federal petition for habeas relief.

Wells was provided an opportunity to address why his federal petition should not be dismissed as time-barred, including whether equitable tolling applied. (Order, ECF No. 6). Wells advances no argument for equitable tolling. (Pet'r's Reply, ECF No. 7). Rather, he counters that after his post conviction petition was denied on October 22, 2010, he filed a motion to alter,

---

[7] Unpublished opinions are cited for the soundness of their reasoning, not for any precedential value.

amend, or revise judgment that was stamped by the court on November 30, 2010. He filed an application for leave to appeal to the Court of Special Appeals of Maryland on December 28, 2010, which was denied on December 20, 2012. (Pet'r's Reply, ECF No. 7 at 1). He then filed a petition for writ of certiorari to the Court of Appeals on January 31, 2013, which was denied on April 22, 2013, and he filed this § 2254 less than one year later on March 26, 2014. Petitioner appears to reason that his federal petition was timely filed on this basis. *See id.* This argument is unavailing, however, because the limitations period had already started to run on January 18, 2001, and absent filing of an application for state post conviction or other collateral review to statutorily trigger tolling of the limitations period, the limitations period expired one year later on January 18, 2002.

Noting that the Fourth Circuit was considering in *Woodfolk*, among other issues, whether a §2254 petitioner was entitled under *Wall v. Kholi*, 562 U.S. at 550-51 to statutory tolling of the limitations period during the time a Maryland state motion for modification was pending and the outcome of that appeal possibly affected resolution of the timeliness issue presented here, the court ordered the instant action stayed and held in abeyance pending a decision in *Woodfolk*. (Order, ECF No. 8 at 1). On May 23, 2017, the Fourth Circuit issued its decision without reaching whether a motion for modification of sentence filed Maryland State court statutorily tolled the limitations period. *See Woodfolk v. Maynard*, 857 F.3d 531 n. 6 (May 23, 2017) (finding that petitioner Woodfolk's petition was timely on other grounds, the court "need not consider Woodfolk's alternative argument that his Rule 4-345 motion [for modification] tolled the limitations period under *Kholi*"). Thus, the line of cases holding that a motion for modification of sentence under Maryland Rule 4-345 does not toll the limitations period of Section 2244(d) remains unchanged. *See Roberts v. State of Maryland*, Civil Action No. 11-

1227 (D. Md. Oct. 29, 2013) (citing *Tasker v. State*, Civil Action No. 11-1869 (D. Md. Jan. 31, 2013), aff'd, 517 Fed. Appx. 172 at 172 (4th Cir. 2013) (affirmed because the petitioner's brief did not "challenge the basis for the district court's disposition," waiving appellate review of the order). Wells's March 12, 2001, motion for modification of sentence did not trigger the tolling provision at 28 U.S.C. §2244(d)(2) to stop the running of the limitations period, and does not alter the analysis that the petition is time-barred.

To the extent Wells's delay might be attributed to his lack of understanding of the law concerning the calculation of the limitations period, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, _U.S._, 137 S.Ct. 759, 773 (February 22, 2017) (citing *Miller-El v. Cockerell*, 537 U.S. 322, 336 (2003)). To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880 at 893 and n. 4 (1983)). When a petition is denied on procedural grounds, a petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." (*Id.* at 478). Wells's claims are dismissed on procedural grounds, and, upon review of the record, this court finds that he has not made the requisite showing. The court therefore declines to issue a certificate of appealability. Therefore, a certificate of appealability

shall not issue.[8]

## CONCLUSION

For the foregoing reasons, the court concludes that the petition is time-barred. A separate order follows denying and dismissing the Petition with prejudice and declining to issue a certificate of appealability.

August 30, 2017  /S/
Date  Catherine C. Blake
United States District Judge

---

[8] When a district court dismisses a habeas petition solely on procedural grounds, a COA will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Denial of a COA in the district court does not preclude Wells from requesting a COA from the appellate court.